IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 16-03036-01-CR-S-MDH |
| BROS KONG, | ) ) ) | |
| Defendant. | ) | |

**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. Defendant moves to suppress evidence discovered as a result of a search warrant issued on September 10, 2015 and executed on September 16, 2015, and statements resulting therefrom. In his first Motion, Defendant contends that the affidavit for the search warrant lacked sufficient probable cause. (Doc. 22.) In the second Motion, Defendant similarly argues that the affidavit to the search warrant generally lacked probable cause, but also contends that warrant affidavit contained false statements made deliberately or with reckless disregard of the truth that were necessary to the finding of probable cause. (Doc. 27.) On August 23, 2016, the undersigned held a hearing on the first Motion to Suppress. Defendant was present with his attorney, Ian Lewis, and the United States was represented by Assistant United States Attorney Randy Eggert. During the hearing, the Court received evidence and heard testimony from Detective Benjamin Lord of the Springfield, Missouri Police Department ("SPD") and Detective Jason Copley of the SPD. For reasons explained below, the undersigned did not hold a hearing on the second Motion to Suppress and for a *Franks* Hearing. For the

following reasons, it is hereby **RECOMMENDED** that Defendant's Motions, (Docs. 22 and 27), be **DENIED**.

I. **Findings of Fact**[1]

Between September 3 and September 10, 2015, a confidential information ("CI") advised Det. Benjamin Lord of the SPD that she was able to purchase marijuana from a man named "Tommy" at 1905 S. Ingram Mill #D in Springfield, Missouri. This CI had proven to be reliable by providing SPD officers with information over the past three years that had led to numerous arrests and seizures of controlled substances and weapons. During this seven day period, Det. Lord and Det. Copley met with the CI to conduct a controlled buy with SPD issued funds. The officers searched the CI by asking her to turn out her pockets and generally searched her outer clothing, but did not conduct a pat-down or search inside of her bra or underwear. The officers did not conduct such a search because the CI was female and there was no female officer available to do a pat-down or cavity search. Relevant to the issues here, Det. Lord's affidavit provided the following statement: "I searched [the] CI prior to him/her traveling to 1905 S. Ingram Mill #D to ensure that he/she was not in possession of any contraband or currency." (Gov't. Ex. 1.) After no contraband or money was found on the CI's person, Det. Lord gave the CI money and followed her and Det. Copley to 1905 S. Ingram Mill #D. Det. Copley watched the CI enter the residence and exit approximately two minutes later. The CI then handed Det. Copley a plastic bag containing marijuana, which she said she purchased from a male named Tommy. Det. Lord then followed the CI and Det. Copley to a predetermined location where the bag of marijuana field-tested positive as marijuana.

---

[1] The facts set forth herein are taken from the testimony adduced and the exhibits admitted at the hearing on the instant Motion. The hearing transcript appears as Doc. 26. The Government's exhibit index appears as Doc. 25-1, and Defendant's appears as Doc. 25-2.

Using City Utility resources, Det. Lord identified Tommy as Bros "Tommy" Kong and the sole account holder at 1905 S. Ingram Mill #D. Additionally, an SPD report listed Kong's address as 1905 S. Ingram Mill #D. Det. Lord also researched Kong's criminal background and found that he had previous arrests for second-degree robber, assault, distribution/delivery/manufacture of a controlled substance, as well as a DWI. Based on all of the information mentioned above, Det. Lord applied for and received a no-knock-entry search warrant for Kong's residence at 1905 S. Ingram Mill #D on September 10, 2015.

On September 16, 2015, SPD Special Response Team officers executed the search warrant of Kong's residence. Upon entry, officers made contact with Kong. Located in the living room closet, officers found and seized a pink backpack containing the following items: a .16 gauge double-barrel firearm; 53 rounds of .16 gauge ammunition; 4 rounds of .22 caliber ammunition; 50 rounds of .357 ammunition. Officers also located 2 rounds of .16 gauge ammunition under the television in the living room, a round of .16 gauge ammunition from on top of the washing machine, .09 grams of methamphetamine from the living room coffee table, and a digital scale from a kitchen drawer. Kong provided a post-*Miranda* statement to Det. Lord that he was the primary resident of the apartment. Kong also admitted to being a convicted felon, using methamphetamine, and distributing marijuana on a weekly basis.

## II.     Conclusions of Law

Defendant's first Motion, (Doc. 22), contends that the search warrant obtained on September 10, 2015 was not supported by sufficient probable cause. Specifically, Defendant argues that: (1) the CI did not provide any evidence that there was ongoing criminal activity and evidence of criminal activity at 1905 S. Ingram Mill #D; (2) the affidavit was unclear as to the controlled buy; (3) the affidavit lacks a time frame and was stale; (4) the issuing judge

3

abandoned his judicial role; and (5) there was a lack of evidence showing criminal wrongdoing. In the second Motion, (Doc. 27), Defendant argues that that Det. Lord's affidavit contains false statements, made deliberately or with reckless disregard to the truth, absent which the affidavit would not provide probable cause. In particular, Defendant takes issue with the fact that the affidavit says the CI was "searched," but that officers did not conduct a pat-down, body cavity, or otherwise more thorough search; rather, they merely conducted an outer clothing search and had the CI turn out her pockets. The Government argues that (1) the affidavit provided sufficient probable cause generally; (2) Det. Lord's language was not a false statement or mischaracterization, as the CI was searched; and (3) the warrant was supported by sufficient probable cause absent the statements regarding the controlled buy. The Court takes up the parties' arguments below.

The Fourth Amendment requires that a search warrant be issued only upon a showing of probable cause. *United States v. Williams*, 477 F.3d 554, 557 (8th Cir. 2007). In order to challenge a finding of probable cause under *Franks*, a defendant must show, by a preponderance of the evidence, that: (1) in preparing the affidavit supporting the search warrant, the affiant deliberately and knowingly, or with reckless disregard for the truth, included falsehoods; and (2) the affidavit, if supplemented by the omitted information, could not support a finding of probable cause. *Franks*, 438 U.S. at 171-72. "To obtain a *Franks* hearing a defendant must make a substantial preliminary showing that there was an intentional or reckless false statement or omission which was necessary to the finding of probable cause, a requirement which is 'not easily met.'" *United States v. Snyder*, 511 F.3d 813, 816 (8th Cir. 2008) (internal quotation omitted); *see also United States v. Hollis*, 245 F.3d 671, 673 (8th Cir. 2001) (citing *Franks*, 438 U.S. at 170-71) ("Although a search warrant affidavit is presumed to be valid, a defendant may

4

obtain a hearing on the validity of the warrant by making a substantial preliminary showing that the affidavit contains a material statement by the affiant which is deliberately false or which was made with reckless disregard for the truth.").

"Probable cause exists when there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Scott*, 610 F.3d 1009, 1013 (8th Cir. 2010) (internal marks and quotations omitted). Courts determine whether probable cause exists by looking at the totality of the circumstances. *United States v. Williams*, 10 F.3d 590, 593 (8th Cir. 1993). In analyzing a warrant issued upon the supporting affidavit, "only th[e] information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause." *United States v. Solomon*, 432 F.3d 824, 827 (8th Cir. 2005) (quotation omitted). Further, courts should examine affidavits supporting warrants "under a common sense approach and not in a hypertechnical fashion." *Williams*, 10 F.3d at 593.

With regards to Defendant's second Motion, the statement in the affidavit is not false or misleading. The undisputed evidence shows that the CI in this case was searched. Det. Lord and Det. Copley testified that they had the CI turn out her pockets and generally show that her outer clothing contained no contraband or currency. They did not conduct a pat-down search or search her bra or underwear because she was a female, and a female officer would have been required to conduct such searches. No female officer was available at the scene at that time. Det. Lord was not deliberate or reckless in stating that the CI was searched, because she was. He need not have explained in explicit detail the procedure of the search. Because the statement was not false or misleading, the Court need not analyze the second prong for a *Franks* violation.

Further, the affidavit contains sufficient information to establish probable cause. First, the affidavit provided that the CI had proved to be reliable over the past three years, providing

5

information that led to several arrests and seizures of controlled substances to different SPD officers. Second, this CI advised Det. Lord that she was able to purchase marijuana from a man named Tommy at 1905 S. Ingram Mill #D in Springfield, Missouri, which was also included in the affidavit and indicated that criminal activity was occurring at that address. The CI's tip, combined with her record of providing reliable information, was sufficient to establish probable cause for the issuance of warrant. *United States v. Gabrio*, 295 F.3d 880, 883 (8th Cir. 2002) ("An informant's tip can be sufficient to establish probable cause if the informant 'has a track record of supplying reliable information[.]'") (quoting *Williams*, 10 F.3d at 593); *see also United States v. Mutschelknaus*, 592 F.3d 826, 828 (8th Cir. 2010) ("An affidavit establishes probable cause for a warrant if it sets forth sufficient facts to establish that there is a fair probability that contraband or evidence of criminal activity will be found in the particular place to be searched.") (internal quotation omitted).

However, Det. Lord also conducted his own investigation and was able to corroborate the information provided by the CI, which he mentions in his affidavit. Using City Utility resources, he discovered that a Bros "Tommy" Kong was the sole account holder 1905 S. Ingram Mill #D. Additionally, an SPD police report listed Kong's address as 1905 S. Ingram Mill #D. Thus, Det. Lord corroborated the CI's information regarding Defendant's identity and residence. *See*, *e.g.*, *United States v. Reiner Ramos*, 818 F.2d 1392, 1398 (8th Cir. 1987) ("the corroboration of minor, innocent details can suffice to establish probable cause."). Moreover, a criminal history report of Kong showed past arrests for robbery and assault, as well as distribution/delivery/manufacture of controlled substances. *See Gabrio*, 295 F.3d at 883 (finding that an affidavit reciting that the defendant had a felony record increased the credibility of the tip). Officers also investigated the matter further by arranging a controlled buy. The officers

6

searched the CI before she entered 1905 S. Ingram Mill #D, and did not find any drugs or contraband. After providing her with funds, Det. Copley then watched her enter the residence and exit approximately two minutes later.[2] When the CI met back up with the officers, she had marijuana. Additionally, the CI stated that she bought that marijuana from a male named Tommy. This information tends to show that criminal activity was occurring at 1905 S. Ingram Mill. #D and that it involved Kong. *See Reiner Ramos*, 818 F.2d at 1398. Moreover, the affidavit provides that, at most, seven days passed between the time the CI provided Det. Lord with the information and his application for the warrant. This lapse does not make the information stale given the other information provided in the affidavit. *See United States v. Jeanetta*, 533 F.3d 651 (8th Cir. 2008) (Two week period between controlled buy and issuance of search warrant did not render informant's information supporting search warrant presumptively stale); *United States v. Gragg*, 576 F. App'x 656, 658 (8th Cir. 2014) ("Where suspected criminal activity is continuing in nature and the property is not likely to be destroyed or dissipated, the passage of time may be less significant.") (quotation omitted). Considering the totality of the circumstances, the affidavit contained sufficient information to establish probable cause for a search warrant.[3] *See Williams*, 10 F.3d at 593.

As such, the statement regarding the search of the CI was not false or necessary to the finding of probable cause. Therefore, Defendant is not entitled to a hearing on that issue. *Snyder*, 511 F.3d at 816. Moreover, as discussed, the affidavit contained sufficient probable

---

[2] In his first Motion, (Doc. 22), Defendant contends that the affidavit fails to show personal knowledge that the CI entered and exited 1905 S. Ingram Mill #D. However, the affidavit clearly states how the CI entered the apartment and that Det. Copley watched her. Further, Det. Copley's knowledge regarding the CI's movements is sufficient to impute knowledge on Det. Lord, particularly because they were working on this case together and in contact with one another before and after the buy. *See United States v. Horne*, 4 F.3d 579, 585 (8th Cir. 1993) ("probable cause may be based on the collective knowledge of all law enforcement officers involved in an investigation[.]").

[3] Because the Court concludes that probable cause existed, it need not address the Government's arguments regarding the *Leon* good faith exception. However, if there were not probable cause, that exception would apply in this case because the evidence indicates that the officers reasonably and in good faith relied on the search warrant. *See United States v. Leon*, 468 U.S. 897, 922-23 (1984).

7

cause to support the issuance of a warrant and thus evidence derived as a result of that search should not be suppressed.

## III. Recommendation

For the foregoing reasons, it is hereby **RECOMMENDED** that Defendant's Motions, (Docs. 22 and 27), be **DENIED**.

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: October 27, 2016

8

Case 6:16-cr-03036-MDH   Document 29   Filed 10/27/16   Page 8 of 8