IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No.   16-03036-01-CR-S-MDH |
| | ) | |
| BROS KONG, | ) | |
| | ) | |
| Defendant. | ) | |

## SENTENCING MEMORANDUM

Comes now Defendant, Bros Kong, by counsel, and submits this sentencing memorandum asking the Court to vary downward, and render a sentence of 48 months in the Bureau of Prisons.   Defendant submits this memorandum in support.

## SUGGESTIONS

**I.      Facts.**

Mr. Kong was arrested on April 20, 2016, and after a final order regarding a suppression issue, entered a plea of guilty on June 1, 2017, to Count One of the Indictment, charging him with 18 U.S.C. § 922(g)(1), in accordant to a written plea agreement.

**II.     Analysis.**

    **A.      The characteristics of the defendant.**

It should be noted by the Court, that while the Court ultimately disagreed with the defendant's Motion to Suppress, the issue was non-frivolous and worthy of exploration. The moment the Court issued its final order denying the Motion to Suppress, Mr. Kong

began negotiations with the government to accept responsibility for his behavior and resolve the case in a timely fashion. His willingness to not only enter a plea of guilty in a timely manner, but also to forgo any appeal issue he may have had, speaks volumes regarding his ability to accept responsibility.

Furthermore, Mr. Kong, while awaiting the final disposition of this case, has suffered a personal tragedy. As the Court is aware, his mother, Tay Sorn, recently passed away. Mr. Kong has had to deal with his grief without the typical support one would enjoy due to his "in custody" status. While he accepts that it was his own actions that caused his detention, the Court should take into consideration that his time in custody has been unusually difficult, and grant him some recognition of this unusual hardship.

As described in the PSIR, Mr. Kong's problems with controlled substances and alcohol began when he was a minor. Mr. Kong's immaturity at the time his problems began is a factor that the Court may consider. As quoted by the Supreme Court "...youth is more than a chronological fact. It is a time and condition of life when a person may be most susceptible to influence and to psychological damage…. "[1]

As part of the Defendant's history, his drug use, that began when he was a teenager, has been the catalyst of his illegal behavior. Accordingly, Mr. Kong is requesting that the

---

[1] See, *e.g., Johnson v. Texas,* 509 U.S. 350, 367, 113 S.Ct. 2658, 125 L.Ed.2d 290 (1993) (holding that a jury was free to consider a 19–year–old defendant's youth when determining whether there was a probability that he would continue to commit violent acts in the future and stating that " 'youth is more than a chronological fact. It is a time and condition of life when a person may be most susceptible to influence and to psychological damage.' " (quoting *Eddings v. Oklahoma,* 455 U.S. 104, 115, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982))).

2

Court recommend to the Bureau of Prisons that the Defendant be able to participate in extensive drug and mental health counseling.

Mr. Kong has never been imprisoned at BOP. The programs at the BOP have a much higher success rate than other counseling programs. With proper counseling that the Bureau of Prisons can provide and further counseling monitored by personnel of the U.S. Probation Office while he is on supervised release, Mr. Kong can change his life patterns.

**B. The need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense in addition to the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct 18 U.S.C. § 3553(a)(2)(A) and (6).**

A sentence of 48 months will meet the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and avoid unwarranted sentencing disparities among similar defendants.

This sentence would be proportionate to other sentences within the federal courts found in the state of Missouri recently. In *United States v. Amy A. Moore*, Case No. 13-cr-03011-CR-S-MDH, the defendant was charged with, and pled guilty, to the same offense as Mr. Kong, felon in possession. Ms. Moore had a higher criminal history level (VI) as Mr. Kong. Ms. Moore's guideline range was 77-96 months. The sentence imposed though included the granting of a downward variance to a sentence of 36 months. *Id. United States v. Brandon M. McDaniel*, Case No. 15-cr-03090-CR-S-SRB (W.D.Mo. Oct. 12,

2016), also supports this premise. In that matter, Mr. McDaniel was charged and pled guilty to the same offense as Mr. Kong, felon in possession. Mr. McDaniel's guideline range was 33-41 months. The judge in granting a one-month downward variance rendered a sentence of 32 months in that instance, noting the timely acceptance of responsibility.

  **C.** **The need to afford adequate deterrence to criminal conduct and the need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(2)(B) and (a)(6).**

The sentence requested herein by the Defendant will meet the need to afford adequate deterrence to criminal conduct. Mr. Kong is truly remorseful for his conduct. The public prosecution of the instant case, along with the Defendant's time spent in pretrial detention (and the loss of his mother), and his time to be served in the Bureau of Prisons, will provide adequate deterrence.

Further, there are reliable sources that show that lengthier sentences do not serve to provide increased deterrence. The U.S. Department of Justice, Office of Justice Programs, National Institute of Justice, published, "*Five Things About Deterrence*."[2] Four of the "Five Things" are relevant here:

  (1) The *certainty* of being caught is a vastly more powerful deterrent than the punishment;
  (2) Sending an individual convicted of a crime to prison isn't a very effective way to deter crime;
  (3) Police deter crime by increasing the perception that criminals will be caught and punished; and
  (4) Increasing the severity of punishment does little to deter crime.

---

[2] *See*, National Institute of Justice, *Five Things About Deterrence* (May 2016).

*See*, National Institute of Justice *Five Things About Deterrence,* May 2016.

Thus, a sentence of 48 months is comparable to the sentences imposed in comparable situations as outlines herein above in section C and such a sentence, combined with a term of supervised release, meets the need to deter Mr. Kong and others in society from committing similar crimes to the charges herein.

**III.   Conclusion.**

Based on the arguments set forth herein, Mr. Kong submits that pursuant to 18 U.S.C. § 3553(a) a sentence of 48 months is supported by the factors set forth above and would be sufficient, but not greater than necessary, to accomplish the goals of sentencing in this case.

WHEREFORE, Mr. Kong prays that this Honorable Court vary downward from the guidelines and sentence him to a term of imprisonment of 48 months, to be followed by a reasonable term of supervised release.

Respectfully submitted,

*/s/ Ian A. Lewis*
**IAN A. LEWIS, #52819**
Assistant Federal Public Defender
901 St. Louis Street, Suite 801
Springfield, Missouri 65806
(417) 873-9022
Attorney for Defendant

October 13, 2017

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of October, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent e-mail notification of such filing to all CM/ECF participants in this case, and a copy was mailed, via the United States Postal Service, to all non-CM/ECF participants.

*/s/ Ian A. Lewis*
**IAN A. LEWIS**